**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MYRA WHEAT**, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) CASE NO. 2:24-cv-1972 |
| v. | ) ) JUDGE |
| **ABBOTT LABORATORIES**, c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219 | ) MAGISTRATE JUDGE ) ) **JURY DEMAND ENDORSED HEREON** ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Myra Wheat ("Named Plaintiff") hereby files her Collective and Class Action Complaint against Defendant Abbott Laboratories ("Defendant") and states and alleges as follows:

**I.     INTRODUCTION**

1.     This case challenges various policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act" or "OMFWSA"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of herself or themselves and other employees similarly situated."

29 U.S.C. § 216(b). Named Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to Section 216(b).

2. Named Plaintiff also brings her state law claims as a class action pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Ohio Acts on behalf of all hourly workers currently or previously employed by Defendant in Ohio within the two (2) years preceding the initial Complaint.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

4. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the Southern District of Ohio, and Defendant has conducted substantial business in the Southern District of Ohio.

## III. PARTIES

### A. Named Plaintiff

6. Named Plaintiff Myra Wheat is an individual, a United States citizen, and a resident of Ohio.

7. Named Plaintiff worked for Defendant at its facility in Columbus Ohio as an hourly, non-exempt employee as defined in the FLSA and the Ohio Acts primarily in the position of warehouse worker from approximately June 2023 to March 6, 2024.

8. At all relevant times, Named Plaintiff primarily performed non-exempt duties for

Defendant.

    **B.**     <u>**Defendant**</u>

9. Defendant is a for-profit foreign corporation that is registered to conduct business in Ohio. Defendant operates a production facility in Columbus, Ohio. Defendant is in the business of manufacturing and distributing medical devices and healthcare solutions, including but not limited to nutrition products, diagnostic devices, and generic pharmaceuticals.

10. At all relevant times, Defendant conducted business in the Southern District of Ohio.

11. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated as described herein.

12. At all relevant times, Named Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

13. Defendant operates and controls an enterprise engaged in interstate commerce, manufacturing and selling nutritional products and medical devices throughout the country.

14. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

15. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

16. Named Plaintiff brings this action on behalf of herself and those similarly situated.

17. Upon information and belief, Defendant has applied or caused to be applied

substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA and the Ohio Acts (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

18. Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (exclusive of excise taxes at the retail level).

19. Based on information and belief, Defendant was fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

## IV. FACTUAL ALLEGATIONS

### A. Unpaid Overtime Due to Unpaid Pre-Shift Preparatory Work.

20. Defendant produces and distributes medical devices and healthcare solutions, including diagnostic devices, nutrition products, and generic pharmaceuticals.

21. Named Plaintiff and other similarly situated production/manufacturing employees were required to comply with Food and Drug Administration ("FDA") regulations as a component of their jobs. Donning sanitary clothing and equipment, as well as washing their hands for the purpose of maintaining sanitary conditions and complying with FDA regulations are linked with the job duties of manufacturing and packaging nutritional and medical products.

22. Named Plaintiff and other similarly situated production/manufacturing employees could not perform their work duties unless they wore sanitary clothing and other protective equipment as required by law.

23. Therefore, the donning and doffing of sanitary clothing and other protective equipment, handwashing, hand sanitizing, and other anti-contamination steps are integral and indispensable to the work performed by Defendant's production/manufacturing employees.

24. During all times relevant to this Complaint, Named Plaintiff and other similarly situated hourly production/manufacturing employees frequently worked more than forty (40) hours per workweek.

25. Defendant uses/used a timekeeping system that records/recorded its hourly employees' exact clock-in and clock-out times.

26. However, Named Plaintiff and other similarly situated hourly production/manufacturing employees routinely arrived before the scheduled start of their shifts to complete pre-shift work.

27. After clocking in, Named Plaintiff and other similarly situated hourly production/manufacturing employees were required to change from the shoes they wore outside of the facility to a separate pair of shoes that they kept and wore at the facility.

28. Named Plaintiff and other similarly situated hourly production/manufacturing employees were required to wipe their facility shoes with cleaning wipes after donning their facility shoes.

29. Named Plaintiff and other similarly situated hourly production/manufacturing employees then proceeded to the locker room, where they had to don other sanitary clothing and equipment such as pants, shirts, hairnets, glasses, and gloves that were maintained at the facility.

30. Changing into facility shoes is the employees' first principal activity of the workday, and changing out of facility shoes at the end of their shift is their last.

31. After donning their sanitary clothing and other protective equipment, Named Plaintiff and other similarly situated hourly production/manufacturing employees proceeded to the handwashing station to wash their hands.

32. After washing and drying their hands, Named Plaintiff and other similarly situated

hourly production/manufacturing employees entered the production floor.

33. Once in the facility Named Plaintiff and other similarly situated hourly production/manufacturing employees proceeded to a start-up meeting.

34. Defendant maintains a time rounding system that generally does not account for employees' early time punches and pre-shift work. Instead, Defendant generally rounds to the scheduled start of their shift.

35. As a representative example, on December 17, 2023, Named Plaintiff clocked in at 5:44 PM and worked the evening shift until clocking out at 6:26 AM the following day. However, she was only paid for 11.9 hours of work despite being on the clock for 12.7 hours.[1]

36. As a result, Named Plaintiff and other similarly situated hourly production/manufacturing employees were not paid overtime wages for all overtime work performed because Defendant unlawfully rounded Named Plaintiff's and other similarly situated hourly production/manufacturing employees' working time down to their detriment.

37. Defendant's rounding policy or practice systematically rounds in Defendant's favor and it fails to compensate Defendant's employees for all the time they actually worked in violation of the FLSA.

38. Defendant's failure to compensate Named Plaintiff and other similarly situated hourly production/manufacturing employees, as set forth above, resulted in unpaid overtime.

39. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their

---

[1] Defendant automatically applied a 0.5-hour meal break deduction which is discussed *infra*. In addition to the automatic meal break deduction, Defendant reduced Named Plaintiff's compensable work time on this workday by 0.3 hours because it rounded her start time to the scheduled start of her shift even though Named Plaintiff clocked in and began working 16 minutes before the scheduled start of her shift.

regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated hourly production/manufacturing employees.

40. Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

41. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

42. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

      **B.**      **Unpaid Overtime as a Result of Defendant's Automatic Meal Deduction.**

43. In addition to maintaining a policy or practice whereby Defendant unlawfully rounds production/manufacturing employees' working time down, Defendant automatically deducts thirty (30) minutes from its production/manufacturing employees' hours worked for a meal break. Defendant applies the automatic meal break deduction regardless of whether its production/manufacturing employees are relieved for thirty (30) minutes or not. However, Named Plaintiff and other similarly situated production/manufacturing employees regularly did not receive bona fide meal periods.

44. Named Plaintiff and other similarly situated production/manufacturing employees are often not provided 30 minutes for a "meal break" because they must first walk back to the locker rooms to fully doff their sanitary clothing and equipment before they can begin eating or otherwise enjoying their break. The time spent walking and doffing the sanitary clothing and equipment significantly reduced the amount of time Named Plaintiff and other similarly situated

production/manufacturing employees could actually take a meal break.

45. Consequently, Named Plaintiff and similarly situated production/manufacturing employees were not completely relieved of substantive work duties for thirty (30) minutes because of the time they continued performing work during their "meal break," including walking and doffing their sanitary clothing and equipment at the start of their "meal break."

46. After this already shortened "meal break," Named Plaintiff and other similarly situated production/manufacturing employees must also end their "meal breaks" early to return to locker rooms to again don their sanitary clothing and equipment, wash their hands, and return to their posts because Defendant required them to fully return from lunch within thirty (30) minutes of the start of the "meal break."

47. Accordingly, Defendant regularly improperly deducted thirty (30) minutes from Named Plaintiff's and other similarly situated production/manufacturing employees' daily hours worked, resulting in unpaid overtime.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

48. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated production/manufacturing employees of the opt-in collective, consisting of:

> **All of Defendant's current and former hourly production/manufacturing employees who were paid for 40 or more hours of work during a workweek and (i) don and doff sanitary clothing or otherwise perform pre-shift anti-contamination steps; and/or (ii) were subject to automatic meal break deductions beginning 3 years preceding the filing date of Complaint and continuing through final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

49. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and

costs under the FLSA. In addition to Named Plaintiff, numerous current and former production/manufacturing employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and are acting on behalf of their interests as well as her own in bringing this action.

50. These similarly situated production/manufacturing employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## VI. OHIO CLASS ACTION ALLEGATIONS

51. Named Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) on behalf of herself and all other current or former production/manufacturing employees employed by Defendant within the last two (2) years, consisting of:

> **All of Defendant's current and former hourly production/manufacturing employees who were paid for 40 or more hours of work during a workweek and (i) don and doff sanitary clothing or otherwise perform pre-shift anti-contamination steps; and/or (ii) were subject to automatic meal break deductions beginning 2 years preceding the filing date of the Complaint and continuing through final disposition of this case (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").**

52. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been denied overtime compensation due to Defendant's companywide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because of its failure to compensate employees as outlined above when they worked forty (40) or more hours in one or more workweek(s). Named Plaintiff is representative of those other similarly

situated production/manufacturing employees and is acting on behalf of their interests as well as her own in bringing this action.

53. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

54. Named Plaintiff is a member of the Ohio Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

55. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

56. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

57. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

58. Questions of law and fact are common to the Ohio Rule 23 Class.

59. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

60. Class certification is appropriate under Rule 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

61. Class certification is appropriate under Rule 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class Members for all hours worked in excess of forty (40) hours per workweek because of its failure to compensate employees for pre- and post-shift work or for meal breaks; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on overtime or other compensation that was withheld or not paid to them.

63. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VII. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

66. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

67. During the three (3) years preceding the filing of the initial Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

68. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in various workweeks.

69. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

70. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

71. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

72. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

73. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. This claim is brought under the Ohio Wage Act, O.R.C. §§ 4111.03, *et seq*.

76. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

77. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

78. Named Plaintiff and the Ohio Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

79. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

80. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

81. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff

seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the Ohio Rule 23 Class Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

84. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

85. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

86. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

87. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

88. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

89. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

      A.      Directing prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

      B.      Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

      C.      Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

      D.      Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

      E.      Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

      F.      Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

      G.      Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees as well as reimbursement of costs and expenses;

      H.      Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper; and

      I.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman