## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

LUCAS WALTERS and QUEEN
BLANTON, *on behalf of
themselves and others similarly
situated*,

                           :

        Plaintiffs,

     v.

ABBOTT LABORATORIES,       :

        Defendant.

**Case No. 2:24-cv-4186
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
Vascura**

---

MYRA WHEAT, *on behalf of
herself and others similarly
situated*,

                           :

        Plaintiff,

     v.

ABBOTT LABORATORIES,       :

        Defendant.

**Case No. 2:24-cv-01972
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
Vascura**

## <u>OPINION AND ORDER</u>

This matter is before the Court on the parties' Joint Stipulation to

Consolidate Cases (ECF No. 50).[1] The Court construes the Stipulation as a Motion

to consolidate the cases and **GRANTS** the Motion.

---

[1] For clarification purposes, because the Stipulation was filed in the *Walters*
case, references to filings on the *Walters* docket in this Opinion and Order are
indicated in parenthesis. References to filings on the *Wheat* docket are indicated by
inclusion of the *Wheat* caption along with the docket numbers.

## I.     BACKGROUND

In April 2024, Myra Wheat, a former employee of Abbott Laboratories who worked in a facility in Ohio, filed a nationwide collective action lawsuit against Abbott in this Court, claiming that Abbott failed to pay its non-exempt production workers for all hours worked in violation of the Fair Labor Standards Act ("FLSA"). *Wheat, et al. v. Abbott Laboratories*, No. 2:24-cv-1972, ECF No. 1 (S.D. Ohio Apr. 24, 2024). She also included a class action claim under Ohio law on behalf of the subset of Ohio workers. *Id*. Several individual plaintiffs opted-in to the case, including, as relevant here, Lucas Walters and Queen Blanton, who are Abbott employees from Michigan and Illinois, respectively. *Id*., ECF No. 5 (S.D. Ohio May 21, 2024); *id*., ECF No. 24 (S.D. Ohio July 30, 2024).

On August 7, 2024, Ms. Wheat amended her complaint to remove the Ohio claim, choosing to proceed under the FLSA only. *Wheat*, ECF No. 28 (S.D. Ohio Aug. 7, 2024). Five days later, the majority of the opt-in plaintiffs, including Mr. Walters and Ms. Blanton, withdrew their consents. *Id*., ECF No. 30 (S.D. Ohio Aug. 12, 2024). However, before withdrawing their consents, Mr. Walters and Ms. Blanton filed suit against Abbott in the Northern District of Illinois, asserting that Abbott failed to pay employees for all hours worked in violation of the FLSA and Illinois law. (ECF No. 1.) All of the former *Wheat* opt-in plaintiffs subsequently filed the same consents in the *Walters* action. (*Id*., Ex. B.)

Shortly thereafter, Abbott moved to transfer the *Walters* case to this Court. (ECF Nos. 14, 15.) On November 7, 2024, District Judge Jeremy Daniel granted the

motion, finding that the *Wheat* action and the *Walters* action should be litigated together. (ECF No. 45.) The *Walters* case was then transferred to this Court on November 21, 2024. (ECF No. 47.)

Now before the Court is the parties' request to consolidate the *Wheat* and the *Walters* cases. (ECF No. 50.) The parties stipulate that, pursuant to Federal Rule of Civil Procedure 42(a)(2), both cases "involve substantially overlapping factual and legal allegations and … should be consolidated." (ECF No. 50, PAGEID # 12); *Wheat*, ECF No. 42, PAGEID # 162 (S.D. Ohio Dec. 3, 2024).

## II.    STANDARD OF REVIEW

If two or more actions involve a common question of law or fact, the Court has the discretion to (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court[.]"). There need not be a "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs, LLC*, Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010) (Kemp., M.J.). Rather, consolidation may be found "when some common questions of fact and analysis of the complaints indicate that the legal issues are almost identical." *Bishop v. Coulter Ventures, LLC*, No. 19-CV-5050, 2021 WL 184810, at *2 (S.D. Ohio Jan. 19, 2021) (Marbley, J.).

3

The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotations and citation omitted). "Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence." *Bishop*, 2021 WL 184810, at *2. However, the Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell*, 999 F.2d at 1011. Factors that may cause prejudice include jury confusion or complex legal theories and factual proof. *Bishop*, 2021 WL 184810, at *2. If the conservation of judicial resources achieved through consolidation "[is] slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id*. at *1 (citation omitted).

## III.  ANALYSIS

There is significant overlap in law and fact between *Walters* and *Wheat*, which strongly supports consolidation. Both actions involve some of the same parties—Abbott is the Defendant in both cases, and Mr. Walters and Ms. Blanton were originally opt-in participants in the *Wheat* action. Both cases arise out of Abbott's alleged failure to compensate employees for all hours worked and the correct amount of overtime pay in violation of the FLSA. Coffman Legal, LLC is counsel for both sets of Named Plaintiffs, and Abbott retained the same counsel for both lawsuits. Thus, consolidation of *Walters* and *Wheat* will be the most efficient method of adjudicating these matters, and conducting discovery in a single case will facilitate expediency.

4

There is no risk of prejudice in light of the fact that the parties have agreed that consolidation is appropriate. (ECF No. 50, PAGEID # 12); *Wheat*, ECF No. 42, PAGEID # 162 (S.D. Ohio Dec. 3, 2024).

IV.    **CONCLUSION**

The Court **GRANTS** the parties' request to consolidate the *Wheat* and *Walters* actions (ECF No. 50). In all future filings, the parties are **ORDERED** to include the case captions associated with both cases on each document. The parties need only file documents electronically in the *Wheat* case, No. 2:24-cv-1972, and, when prompted, indicate that there is a related case to which the document should be distributed.

    **IT IS SO ORDERED.**

                                        /s/ Sarah D. Morrison
                                        **SARAH D. MORRISON, CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**